Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*Joseph James and the Putative Classes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>BETTER RISE CAPITAL LLC, a California limited liability company,<br>Defendant. | Case No.: __________<br>**CLASS ACTION COMPLAINT**<br>**1. Violation of 47 U.S.C. § 227(b)**<br>**2. Violation of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)**<br>**3. Violation of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph James ("Plaintiff") brings this action individually and on behalf of all others similarly situated against Defendant Better Rise Capital LLC ("Better Rise Capital" or "Defendant") and alleges as follows upon personal knowledge as to his own acts and experiences, and upon information and belief as to all other matters, based on the investigation of counsel.

## INTRODUCTION

1. Better Rise Capital bombarded Plaintiff's cell phone with at least thirty-seven telemarketing calls over seven months, beginning no later than November 12, 2025 and continuing through at least June 10, 2026—including a call on virtually every single business day from May 18, 2026 through June 9, 2026—even though Plaintiff's number has been registered on the National Do Not Call Registry, and even though Plaintiff never consented to receive them.

2. The calls delivered prerecorded voice messages pitching Defendant's business funding products, including a prerecorded message claiming Plaintiff was pre-approved for approximately $185,000 in funding, with amounts available up to approximately $300,000.

3. To evade call-blocking technology and disguise the scope of its campaign, Defendant transmitted a different caller ID number for nearly every call, rotating through at least fifteen different telephone numbers in the 502 area code drawn from eight different exchanges.

4. Defendant's connection to the calls is not a matter of inference alone. On June 8, 2026—hours after that morning's call—Defendant's representative Chris Sotto (csotto@betterrisecapital.com) emailed Plaintiff a "Better Rise Capital Account Verification Form" urging Plaintiff to "finish" a funding application Plaintiff never initiated.

5. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits initiating telephone calls to cellular telephones using an artificial or prerecorded voice without the prior express consent of the called party, and prohibits telephone solicitations to numbers registered on the National Do Not Call Registry. Defendant violated both prohibitions, repeatedly and willfully.

6. A months-long prerecorded calling campaign of this kind is not built to dial one man in Suffolk County. On information and belief, Defendant placed the same calls, from the same rotating number pool, delivering the same prerecorded pitch, to thousands of other consumers. Plaintiff therefore brings this action individually and on behalf of the Classes defined below for statutory damages, treble damages, and injunctive relief under 47 U.S.C. §§ 227(b)(3) and 227(c)(5).

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227, a federal statute.

8. This Court has personal jurisdiction over Defendant because Defendant is a California limited liability company with its principal place of business in Irvine, California, and is therefore at home in this State.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims—including the direction and origination of Defendant's telemarketing campaign—occurred in this District.

10. Assignment to the Southern Division is proper because Defendant resides in Orange County, California.

## PARTIES

11. Plaintiff Joseph James is a natural person and a resident of Suffolk County, New York.

12. Plaintiff is the subscriber and sole, customary user of the cellular telephone number 516-860-9716.

13. Defendant Better Rise Capital LLC is a California limited liability company, formed on January 29, 2025, with its principal place of business at 2525 Main Street, Suite 410, Irvine, California 92614. Defendant's registered agent for service of process is Nima Asadi, 19200 Von Karman Ave., Suite 600, Irvine, California 92612. A true and correct copy of Defendant's entity record from the California Secretary of State's business search is reproduced below:

**Better Rise Capital LLC (202565517406)**

Request Certificate

| | |
|---|---|
| Initial Filing Date | 01/29/2025 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | 2525 MAIN STREET 410 IRVINE, CA 92614 |
| Mailing Address | 19200 VON KARMAN AVE 600 IRVINE,CA92612 |
| Statement of Info Due Date | 01/31/2027 |
| Agent | Individual Nima Asadi Esq 19200 VON KARMAN AVE 600 IRVINE, CA 92612 |

14. Defendant markets and sells business funding products, including working capital loans, equipment financing, and merchant cash advances, under the trade name "Better Rise Capital" and the slogan "Business Funding Done Better."

## THE TELEPHONE CONSUMER PROTECTION ACT

15. In 1991, Congress enacted the TCPA to curb abusive telemarketing practices that Congress found to be an invasion of privacy and a nuisance.

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any

telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

17. The TCPA also directed the Federal Communications Commission ("FCC") to promulgate regulations protecting residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(1).

18. The FCC's implementing regulations prohibit initiating "any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

19. The FCC's regulations apply the protections of the National Do Not Call Registry to wireless subscribers. 47 C.F.R. § 64.1200(e).

20. The FCC's regulations further prohibit any person or entity from initiating any call for telemarketing purposes to a residential telephone subscriber unless that person or entity has instituted minimum procedures for maintaining a list of persons who request not to receive such calls, including a written do-not-call policy available upon demand, personnel training, and recording and honoring of do-not-call requests. 47 C.F.R. § 64.1200(d).

21. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed

under § 227(c) may recover $500 in damages for each such violation, or up to $1,500 for each violation committed willfully or knowingly. 47 U.S.C. § 227(c)(5).

22. A person may likewise recover $500 for each violation of § 227(b), or up to $1,500 for each violation committed willfully or knowingly. 47 U.S.C. § 227(b)(3).

23. Under the TCPA, a seller may be liable for calls placed on its behalf by third parties under federal common law principles of agency, including actual authority, apparent authority, and ratification.

## FACTUAL ALLEGATIONS

### Plaintiff's Number Is a Cell Phone Registered on the National Do Not Call Registry

24. Plaintiff's telephone number, 516-860-9716, is assigned to a cellular telephone service.

25. Plaintiff uses the number for personal, residential purposes. The number is not associated with or held out in connection with any business.

26. Plaintiff registered 516-860-9716 on the National Do Not Call Registry on [DATE]. The number has remained continuously registered since that date, and was registered more than thirty-one days before the calls alleged herein.

27. Plaintiff never provided Defendant—or anyone acting on Defendant's behalf—with prior express consent, prior express written consent, or any form of invitation or permission to call him. Plaintiff has no established business relationship with Defendant. Plaintiff never inquired about, applied for, or expressed any interest in Defendant's products or services.

**Defendant's Telemarketing Campaign**

28. Beginning no later than November 12, 2025, Defendant caused a barrage of at least thirty-seven telemarketing calls to be placed to Plaintiff's cell phone. The calls Plaintiff has identified to date include the following:

| No. | Caller ID | Date | Time |
|---|---|---|---|
| 1 | 502-334-7205 | May 18, 2026 | 12:47 p.m. |
| 2 | 502-453-7022 | May 19, 2026 | 11:45 a.m. |
| 3 | 502-469-4340 | May 20, 2026 | 11:09 a.m. |
| 4 | 502-453-6083 | May 21, 2026 | 10:14 a.m. |
| 5 | 502-453-3073 | May 22, 2026 | 10:46 a.m. |
| 6 | 502-462-6317 | May 26, 2026 | 1:10 p.m. |
| 7 | 502-482-4330 | May 27, 2026 | 9:56 a.m. |
| 8 | 502-469-4251 | May 28, 2026 | 11:35 a.m. |
| 9 | 502-462-3021 | May 29, 2026 | 10:15 a.m. |
| 10 | 502-482-6078 | June 2, 2026 | 11:10 a.m. |
| 11 | 502-462-3230 | June 3, 2026 | 10:39 a.m. |
| 12 | 502-390-8546 | June 4, 2026 | 12:33 p.m. |
| 13 | 502-334-9501 | June 5, 2026 | 11:45 a.m. |
| 14 | 502-358-2544 | June 8, 2026 | 11:24 a.m. |
| 15 | 502-480-0341 | June 9, 2026 | 11:34 a.m. |

29. The calls followed the unmistakable cadence of a commercial dialing campaign. Between May 18, 2026 and June 9, 2026 alone, Defendant called Plaintiff on every single business day except Memorial Day (May 25) and June 1, placed no calls on weekends, and delivered every call in a narrow window between approximately 9:56 a.m. and 1:10 p.m., consistent with a call center operating a fixed morning dialing shift. Defendant placed yet another call on June 10, 2026.

30. The calls delivered prerecorded voice messages. On June 9, 2026, one of Defendant's calls left a prerecorded voicemail message approximately forty-six seconds

in length on Plaintiff's cell phone. The prerecorded message marketed business funding, stating in substance that Plaintiff's business was pre-approved for approximately $185,000 in funding and that amounts of up to approximately $300,000 were available.

31. The voicemail message was delivered by an artificial or prerecorded voice. The message's content, tone, pacing, and generic script—delivered to a voicemail box without any interactive human response—demonstrate that it was prerecorded.

32. On information and belief, the other calls in Defendant's campaign likewise used an artificial or prerecorded voice, as they were placed by the same dialing platform, on the same daily schedule, marketing the same products.

**Defendant Rotated Caller ID Numbers to Evade Blocking**

33. No two consecutive calls in Defendant's campaign displayed the same caller ID number. Across the calls Plaintiff documented between May 18, 2026 and June 9, 2026 alone, Defendant transmitted at least fifteen different caller ID numbers—every one in the 502 area code (Louisville, Kentucky)—drawn from eight different telephone exchanges (334, 358, 390, 453, 462, 469, 480, and 482).

34. Rotating outbound caller ID numbers in this fashion serves no legitimate purpose. Its function is to defeat call-blocking and spam-labeling technology and to prevent consumers from screening or blocking the campaign, ensuring that each new call evades the consumer's attempt to stop the prior one.

35. Defendant's use of caller ID rotation demonstrates that Defendant knew consumers did not want its calls and placed them anyway. It is evidence of knowing and willful conduct.

**The Calls Were Made By or On Behalf of Better Rise Capital**

36. The calls marketed business funding products of the type Defendant sells, in the amounts Defendant offers.

37. On June 8, 2026, at 11:24 a.m., Plaintiff received one of the campaign's calls. That same afternoon, at 4:31 p.m., Defendant's representative Chris Sotto, using the email address csotto@betterrisecapital.com, sent Plaintiff an email through Defendant's Salesforce account (transmitted by noreply@salesforce.com "on behalf of Chris Sotto") with the subject line "Better Rise Capital Account Verification Form."

38. The email displayed Defendant's logo and slogan ("Business Funding Done Better") and a banner urging Plaintiff to "FINISH YOUR APPLICATION" with a "GET STARTED" button—even though Plaintiff had never started any application with Defendant. A true and correct screenshot of the email is reproduced below:

**From:** noreply@salesforce.com <noreply@salesforce.com> on behalf of Chris Sotto <csotto@betterrisecapital.com>
**Date:** Monday, June 8, 2026 at 4:31 PM
**To:** jjames@mehc.cc <jjames@mehc.cc>
**Subject:** Better Rise Capital Account Verification Form

BETTER RISE CAPITAL
BUSINESS FUNDING DONE BETTER




39. The only plausible source of Plaintiff's contact information in Defendant's Salesforce database—and the only plausible trigger for a same-day "finish your application" follow-up email—was the telemarketing campaign directed at Plaintiff.

40. The calls were therefore placed by Defendant directly or, in the alternative, by a telemarketing vendor or lead generator acting as Defendant's agent, with Defendant's actual or apparent authority, for Defendant's benefit, and subject to Defendant's right of control over the campaign, including the products marketed, the pre-approval amounts quoted, and the disposition of interested consumers into Defendant's sales pipeline.

41. In the alternative, Defendant ratified the calls by accepting their benefits—including Plaintiff's contact information and lead file—and pursuing Plaintiff as a sales prospect within hours of a campaign call, with knowledge of the circumstances of the

campaign, or with willful ignorance of facts that would have led a reasonable person to investigate further.

**Harm to Plaintiff and the Classes**

42. Defendant's calls harmed Plaintiff and the Class members by invading their privacy, intruding upon their seclusion, and disturbing the use and enjoyment of their telephones, in addition to wasting their time, occupying their telephone lines, and consuming their devices' battery and storage (including storage occupied by Defendant's prerecorded voicemails).

43. These are precisely the harms Congress enacted the TCPA to prevent.

**CLASS ACTION ALLEGATIONS**

44. Plaintiff brings this action individually and on behalf of three classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

45. Plaintiff proposes the following class definition, subject to amendment as appropriate, for the "Prerecorded Voice Class": All persons in the United States who, from four years prior to the filing of this action through the date of class certification, received one or more telephone calls made by or on behalf of Defendant to their cellular telephone number that delivered an artificial or prerecorded voice message.

46. Plaintiff proposes the following class definition, subject to amendment as appropriate, for the "Do Not Call Registry Class": All persons in the United States who, from four years prior to the filing of this action through the date of class certification, received more than one telephone solicitation call made by or on behalf of Defendant

within any twelve-month period to a telephone number that had been registered on the National Do Not Call Registry for at least thirty-one days.

47. Plaintiff proposes the following class definition, subject to amendment as appropriate, for the "Internal Do Not Call Class": All persons in the United States who, from four years prior to the filing of this action through the date of class certification, received more than one telemarketing call made by or on behalf of Defendant within any twelve-month period. The Prerecorded Voice Class, the Do Not Call Registry Class, and the Internal Do Not Call Class are together referred to as the "Classes."

48. Excluded from the Classes are Defendant; Defendant's officers, directors, members, employees, agents, subsidiaries, and affiliates; any entity in which Defendant has a controlling interest; the judicial officers to whom this case is assigned and their staff and immediate families; and counsel of record in this action and their employees and immediate families.

49. Numerosity. The members of each Class are so numerous that joinder of all members is impracticable. Defendant's campaign bears every hallmark of high-volume automated dialing—prerecorded messages, a fixed daily dialing schedule, and a rotating pool of outbound caller ID numbers maintained for the purpose of evading call blocking. On information and belief, Defendant placed prerecorded telemarketing calls to thousands of telephone numbers. The precise number of Class members can be

ascertained from Defendant's records and the records of its dialing platform, telephone carriers, and any telemarketing vendors.

50. Ascertainability. The Classes are defined by objective criteria, and their members can be identified through Defendant's call records, lead files, customer relationship management data (including Defendant's Salesforce database), dialing platform records, and carrier records, together with the National Do Not Call Registry.

51. Commonality and Predominance. Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members. These common questions include: (a) whether Defendant or its agents placed calls using an artificial or prerecorded voice; (b) whether the calls constituted telemarketing or telephone solicitations; (c) whether Defendant placed, or is vicariously liable for, the calls; (d) whether Defendant obtained prior express written consent for the calls; (e) whether Defendant initiated more than one solicitation within a twelve-month period to numbers registered on the National Do Not Call Registry; (f) whether Defendant instituted the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d); (g) whether Defendant's violations were willful or knowing; and (h) whether Plaintiff and the Class members are entitled to statutory damages, treble damages, and injunctive relief.

52. Typicality. Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all Class members were subjected to the same calling campaign, conducted

in the same manner, in violation of the same statutory provisions, and sustained the same statutory injuries.

53. Adequacy. Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff's interests are aligned with, and not antagonistic to, those of the other Class members, and Plaintiff has retained counsel competent and experienced in class action and TCPA litigation.

54. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The statutory damages available to each individual Class member are small relative to the burden and expense of individual litigation against a represented corporate defendant, making it impracticable for Class members to individually seek redress. Individual actions would also risk inconsistent adjudications and would burden the courts with duplicative proceedings. No unusual difficulties are likely to be encountered in the management of this action as a class action, as the claims arise from a single uniform calling campaign and turn on common evidence from Defendant's own records.

55. Defendant has acted, and refused to act, on grounds generally applicable to Plaintiff and the Classes by conducting a uniform telemarketing campaign in violation of the TCPA, making final injunctive relief appropriate with respect to the Classes as a whole under Rule 23(b)(2).

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(Artificial or Prerecorded Voice Calls to a Cellular Telephone)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Defendant initiated, or caused to be initiated by its agents, telephone calls to the cellular telephone numbers of Plaintiff and the Prerecorded Voice Class members using an artificial or prerecorded voice.

58. The calls were not made for emergency purposes.

59. Neither Plaintiff nor the Prerecorded Voice Class members provided prior express consent—let alone prior express written consent for telemarketing—to receive the calls.

60. Defendant thereby violated 47 U.S.C. § 227(b)(1)(A)(iii) with each such call.

61. Plaintiff and each Prerecorded Voice Class member are entitled to $500 in statutory damages for each violation under 47 U.S.C. § 227(b)(3)(B).

62. Defendant's violations were knowing and willful. Defendant or its agents rotated caller ID numbers to evade blocking, called on every business day for weeks, and called numbers registered on the National Do Not Call Registry without any consent. The Court should treble the statutory damages to $1,500 per call under 47 U.S.C. § 227(b)(3).

63. Plaintiff and the Prerecorded Voice Class are further entitled to an injunction prohibiting future violations under 47 U.S.C. § 227(b)(3)(A).

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2)**
**(Telephone Solicitations to Numbers on the National Do Not Call Registry)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

64. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

65. Plaintiff and the Do Not Call Registry Class members are residential telephone subscribers whose telephone numbers were registered on the National Do Not Call Registry for at least thirty-one days before Defendant's calls. Plaintiff uses 516-860-9716 for personal, residential purposes.

66. Defendant initiated, or caused its agents to initiate, more than one telephone solicitation to Plaintiff and each Do Not Call Registry Class member within a twelve-month period—in Plaintiff's case, at least thirty-seven such solicitations between November 12, 2025 and June 10, 2026—each encouraging the purchase of Defendant's business funding products.

67. Registration of these numbers on the National Do Not Call Registry evidences Plaintiff's and the Class members' objection to receiving telephone solicitations.

68. Defendant thereby violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) with each such call.

69. Plaintiff and each Do Not Call Registry Class member are entitled to $500 in statutory damages for each violation under 47 U.S.C. § 227(c)(5)(B), trebled to $1,500

per call for Defendant's knowing and willful conduct under 47 U.S.C. § 227(c)(5), and to an injunction prohibiting future violations under 47 U.S.C. § 227(c)(5)(A).

**THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)**
**(Telemarketing Without Required Internal Do-Not-Call Procedures)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

70. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

71. On information and belief, Defendant initiated, or caused its agents to initiate, telemarketing calls to Plaintiff and the Internal Do Not Call Class members without having instituted the minimum procedures required by 47 C.F.R. § 64.1200(d), including: a written policy, available upon demand, for maintaining a do-not-call list; training of personnel engaged in telemarketing in the existence and use of the do-not-call list; and procedures to record and honor do-not-call requests.

72. The conduct of Defendant's campaign evidences the absence of such procedures: Defendant called numbers registered on the National Do Not Call Registry on every business day for weeks, rotating caller ID numbers to prevent consumers from blocking the calls, without screening its call lists against the Registry or maintaining any functioning mechanism for honoring consumers' objections.

73. Defendant thereby violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) with each call placed to Plaintiff and the Internal Do Not Call Class members.

74. Plaintiff and each Internal Do Not Call Class member are entitled to $500 in statutory damages for each violation under 47 U.S.C. § 227(c)(5)(B), trebled to $1,500

per call for Defendant's knowing and willful conduct, and to an injunction prohibiting future violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

A. An order certifying the Classes under Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B. Statutory damages of $500 for each violation of 47 U.S.C. § 227(b), trebled to $1,500 per violation for Defendant's knowing and willful conduct, awarded to Plaintiff and each Prerecorded Voice Class member;

C. Statutory damages of $500 for each violation of 47 U.S.C. § 227(c) and its implementing regulations, trebled to $1,500 per violation for Defendant's knowing and willful conduct, awarded to Plaintiff and each member of the Do Not Call Registry Class and the Internal Do Not Call Class;

D. An injunction prohibiting Defendant and its agents from placing artificial or prerecorded voice calls to cellular telephones without prior express consent and from initiating telephone solicitations to numbers registered on the National Do Not Call Registry;

E. Pre-judgment and post-judgment interest as permitted by law;

F. Costs of suit; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the Classes, demands a trial by jury on all issues so triable.

Dated: June 11, 2026

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*Joseph James and the Putative Classes*