UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01489-FWS-BFM Date: September 18, 2026
Title: Joseph James *et al.* v. Better Rise Capital LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) AMENDED ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO COMPEL ARBITRATION [21] AND MOTION TO DISMISS [18]**

In this case, Plaintiffs Joseph James ("James") and Brian McBride ("McBride") allege Defendants Arsalan Ghanbari, Mohammad Ghafarinia, Daniel Gavilanes, Better Rise Capital LLC, Better Tax Relief, LLC, Better Companies LLC, Lendvia LLC, and Range View Management LLC violated the Telephone Consumer Protection Act. (*See generally* Dkt. 10 (First Amended Complaint).) Before the court are two motions, which are both noticed for a hearing on September 24, 2026: (1) Defendants' motion to compel McBride's claims to arbitration, (Dkt. 21), and (2) Defendants' motion to dismiss the First Amended Complaint, (Dkt. 18) (together, the "Motions").[1]

Under this District's Local Rules, Plaintiffs' opposition, if any, to the Motions was due "not later than twenty-one (21) days before the date designated for the hearing of the motion," or September 3, 2026. *See* C.D. Cal. L.R. 7-9. Plaintiff filed no opposition to either of the Motions. (*See generally* Dkt.)

[1] Defendants filed a Petition to Compel Arbitration, (Dkt. 19), and then filed a Notice of Withdrawal of that document, (Dkt. 22). Accordingly, the filing at Docket 19 is **DEEMED WITHDRAWN.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01489-FWS-BFM Date: September 18, 2026

Title: Joseph James *et al.* v. Better Rise Capital LLC *et al.*

The Local Rules provide that, except as to summary judgment motions, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Here, the court deems Plaintiff's failure to file any opposition to the Motions, timely or otherwise, as consent to the court granting the Motions. *See id*. The Motions are therefore **GRANTED**. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal of complaint based on local rule deeming plaintiff's failure to file an opposition to defendants' motion to dismiss as consenting to granting the motion); *Emiabata v. BB&T Branch Banking*, 840 F. App'x 258 (9th Cir. 2021) (holding "[t]he district court did not abuse its discretion by dismissing [plaintiff's] action because [plaintiff] failed to oppose defendants' motion to dismiss"); *Goulatte v. Cnty. of Riverside*, 587 F. App'x 374, 376 (9th Cir. 2014) (noting "the district court did not abuse its discretion in applying Local Rule 7-12 and granting dismissal"); *Ezell v. Mercedes-Benz USA, LLC*, 2021 WL 6102511, at *1 (C.D. Cal. Oct. 18, 2021) ("Courts in this district frequently grant unopposed motions to compel arbitration.") (collecting cases); *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (collecting cases).

Accordingly, the court **ORDERS** as follows:

1. McBride's claims in the First Amended Complaint are **COMPELLED** to arbitration. The court **ORDERS** the parties to file a joint status report regarding the arbitration proceedings every **120 days,** with the first status report due on **January 15, 2027**; and to file a joint status report within **5 days** of the completion of arbitration proceedings. **Failure to timely file any joint status report may result in dismissal for lack of prosecution and/or failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because

of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

2. The First Amended Complaint as to James is **DISMISSED**. In an abundance of caution, the court **GRANTS** James leave to amend the dismissed claims to address the deficiencies identified in Defendants' motion to dismiss. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.") (citation omitted). Any amended complaint must be filed on or before **October 5, 2026**. Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this case with prejudice. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted.").

Finally, the court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by

statute”). Accordingly, the **hearing** set for **September 24, 2026**, is **VACATED** and **OFF CALENDAR**.

**IT IS SO ORDERED.**